| | |
|---|---|
| 1 | CHRISTOPHER D. STRUNK (SBN: 214110) |
| | cstrunk@grsm.com |
| 2 | BRIKK E. BRALLEY (SBN: 345269) |
| | bbralley@grsm.com |
| 3 | GORDON REES SCULLY MANSUKHANI LLP |
| | 633 West Fifth Street, 52nd Floor |
| 4 | Los Angeles, CA 90071 |
| | Telephone: (213) 576-5000 |
| 5 | Facsimile: (213) 680-4470 |
| 6 | Attorneys for Defendant |
| | COLGATE-PALMOLIVE COMPANY |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | **PAULA CORIN**, | Case No. 23-cv-9230 |
| 11 | Plaintiff | (Removed from Los Angeles Superior Court, Case No. 23 STCV26571) |
| 12 | vs. | |
| 13 | **ARKEMA, INC.** f/k/a PENNWALT CORPORATION and ELF ATOCHEM NORTH AMERICA, INC. (sued individually and as successor-by-merger to WALLACE & TIERNAN d/b/a WTS PHARMACRAFT); **AVENTIS INC.**; **AVON PRODUCTS, INC.**; **BAYER HEALTHCARE LLC**, a subsidiary of BAYER AG; **BIC CORPORATION** (sued individually and for its former subsidiary GUY LAROCHE NORTH AMERICA); **BLOCK DRUG COMPANY, INC.** (sued individually and as successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY); **BRENNTAG SPECIALTIES LLC** f/k/a BRENNTAG SPECIALTIES, INC. f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); **BROADVIEW INVESTMENTS, LLC**; **CHANEL, INC.**; **CHARLES B. CHRYSTAL COMPANY, INC.**; CHATTEM, INC., a subsidiary of SANOFI-AVENTIS U.S. LLC (sued individually and as successor-in-interest to BLOCK DRUG CORPORATION and THE GOLD BOND STERILIZING | **COLGATE-PALMOLIVE COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1441(a) & (b)(2) AND 1446(a) AND NOTICE OF REMOVAL OF COLGATE-PALMOLIVE COMPANY; EXHIBITS 1-4** |

1

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

POWDER COMPANY a/k/a THE GOLD BOND COMPANY); **CLINIQUE LABORATORIES LLC** f/k/a CLINIQUE LABORATORIES, INC., a subsidiary of THE ESTEE LAUDER COMPANIES INC.; **COLGATE-PALMOLIVE COMPANY** for its Cashmere Bouquet line of products; **COTY INC.** (sued individually and for its subsidiaries NOXELL CORPORATION and MAX FACTOR & COMPANY); **CROWN LABORATORIES, INC.**; **DR. SCHOLL'S LLC** a/k/a BAYER SAMSON II LLC; **THE ESTEE LAUDER COMPANIES, INC.**, sued individually and as successor-in-interest to LEN-RON MANUFACTURING CO. INC., and for its subsidiary CLINIQUE LABORATORIES INC. d/b/a CLINIQUE; **ESTEE LAUDER, INC.**, a subsidiary of THE ESTEE LAUDER COMPANIES, INC. and d/b/a CLINIQUE and ESTEE LAUDER; **FISONS CORPORATION**; **GALLERIA CO.**, a subsidiary of COTY, INC.; **GLAXOSMITHKLINE LLC** (sued individually and as successor-in-interest to BLOCK DRUG CORPORATION and THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY); **GSK CONSUMER HEALTH, INC.** f/k/a NOVARTIS CONSUMER HEALTH, INC. f/k/a CIBA SELF-MEDICATION, INC.; **HFC PRESTIGE PRODUCTS, INC.** f/k/a P&G PRESTIGE PRODUCTS, INC., and d/b/a COVERGIRL and MAX FACTOR; **IMI FABI (DIANA) LLC**; **IMI FABI, LLC**; **IMI FABI (USA) INC.**; **KENVUE INC.**, sued individually and as successor-in-interest to NEUTROGENA LLC; **L'OREAL USA, INC.** f/k/a COSMAIR INC. and d/b/a GUY LAROCHE, LANCOME, L'OREAL, and MAYBELLINE; **LUXURY PRODUCTS LLC**; **MAYBELLINE LLC**; **MERCK & CO., INC.** d/b/a MERCK SHARP & DOHME LABORATORIES; **MINERALS TECHNOLOGIES INC.**; **NOVARTIS CORPORATION** (sued

|   |   |
|---|---|
| 1 | individually and as successor-in-interest to CIBA-GEIGY CORPORATION and its subsidiaries CIBA CONSUMER PHARMACEUTICALS and CIBA SELF-MEDICATION, INC.); |
| 2 | |
| 3 | |
| 4 | **NOXELL CORPORATION**, a subsidiary of COTY INC. and f/k/a NOXZEMA CHEMICAL COMPANY, sued individually and as successor-in-interest to MAX FACTOR & COMPANY; |
| 5 | |
| 6 | **PFIZER INC.**, sued individually and as successor-in-interest to LEONARD LEEMING COMPANY a/k/a LEEMING PHARMACEUTICAL COMPANY; |
| 7 | |
| 8 | **PLAYTEX PRODUCTS, LLC** f/k/a PLAYTEX PRODUCTS INC., sued individually and as successor-in-interest to ESMARK INC. and MAX FACTOR & COMPANY; |
| 9 | |
| 10 | |
| 11 | **PRESPERSE CORPORATION** (sued individually and d/b/a PRESPERSE INTERNATIONAL CORP); |
| 12 | **THE PROCTER & GAMBLE COMPANY**, sued individually and as successor-in-interest to NOXEMA CHEMICAL COMPANY, THE SHULTON GROUP and/or SHULTON INC., PLAYTEX PRODUCTS INC., GALLERIA CO., and MAX FACTOR & COMPANY; |
| 13 | |
| 14 | |
| 15 | |
| 16 | **PTI ROYSTON, LLC**; **SAFEWAY, INC.**; |
| 17 | **SEPHORA USA, INC.**; **SPECIALTY MINERALS INC.** (sued individually and as a subsidiary of MINERALS TECHNOLOGIES INC.); |
| 18 | |
| 19 | **SUMITOMO CORPORATION OF AMERICAS**; |
| 20 | **THE VONS COMPANIES INC.**, a subsidiary of ALBERTSONS COMPANIES, INC., and **DOES 1-450**, |
| 21 | |
| 22 | Defendants |

24    **TO THE CLERK AND THE HONORABLE JUDGE OF THE**

25    **ABOVE-ENTITLED COURT:**

26    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1441(a) and

27    (b) and 1446, defendant COLGATE-PALMOLIVE COMPANY ("COLGATE")

28    individually hereby gives notice of the removal of this action, originally filed in the

Los Angeles County Superior Court, to the United States District Court for the Central District of California based on the following grounds:

1. **Jurisdiction.** Pursuant to Local Rule 8-1, this action is a civil action for which this Court has original jurisdiction under 28 U.S.C. Section 1332 and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. Section 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Specifically, Plaintiff has asserted claims against defendants for negligence, strict liability, fraudulent representation, intentional concealment and conspiracy to commit fraud/conceal, and alleges that the conduct giving rise to such claim(s) arose, at least in part, in the State of California. Plaintiff seek damages for loss of wages, medical costs as well as punitive damages. This matter exceeds $75,000 because Plaintiff has sued over forty defendants based on mesothelioma, an incurable disease, and similar cases can resolve in the millions. The parties are completely diverse. Plaintiff is a citizen of Washington. (A true and correct copy of an excerpt from Westlaw's people search database showing that plaintiff is a resident of the State of Washington is attached as **Exhibit 1** to this Notice of Removal.) None of the 43 defendants are citizens of Washington. Since Plaintiff is a citizen of Washington and defendants are citizens of other states there is complete diversity. Furthermore, only three California defendants have been joined or served in this matter brought in California: Arkema, Inc., Aventis, and Avon Inc, none of whom maintain their principal places of business in California or who are incorporated there. (A true and correct copy of a printout of the Court's website showing the three Defendants who have currently received summons is attached as **Exhibit 2** to the notice of removal.) As of the date of this filing, Aventis has consented to removal and it is anticipated that the remaining defendant(s) will so consent.

/ / /

2. **Filing Of Removal Papers**

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given to Plaintiff's counsel, and a notice of filing notice of removal is being filed in the Superior Court of Los Angeles County, California. A true and accurate copy of the notice of filing notice of removal is attached as **Exhibit 4.**

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders filed and (attempted to be) served to date in the action are attached as **Exhibit 3,** including the Complaint.

3. **Intradistrict Assignment.** The claims are pending within the District and the Division of this Court. Therefore, the claims should be assigned to this Division.

4. **Timeliness.** This Notice of Removal is timely because the time frame for Colgate to respond to the Complaint has not yet begun to run as the Complaint was filed on October 31, 2023, consistent with the requirements of 28 U.S.C. section 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

5. **Background.** On or about October 31, 2023, Plaintiff Paula Corin filed a Complaint against approximately 43 defendants, including Colgate, in the Los Angeles County Superior Court. In the Complaint, Plaintiff alleges that she was exposed to asbestos-containing talcum powder products manufactured by a number of defendants, including Colgate, by her and her family's use of talcum powder products at various residences in Washington, California and Massachusetts from 1965 – 2023. (A true and correct copy of the Complaint and other pleadings that have so far been filed with the Los Angeles court are attached as **Exhibit 3** to this Notice of Removal.) Defendants have either already consented to removal or Colgate anticipates will consent to removal by the date of the hearing.

6. **Legal Authorities**. Should Plaintiffs file a motion to remand in this case, Colgate requests an opportunity to respond more fully in writing, but, for now, offers the following authorities:

7. Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $ 75,000. Pursuant to 28 U.S.C. § 1441(a) and (b), a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied.

9. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

10. Colgate is informed and believes that at the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and is a citizen of the State of Washington. Colgate is informed and believes that at the time of the filing of the Complaint and this Notice of Removal, none of the three defendants "properly joined and served as defendants" in this case are incorporated or have a principal place of business in California, the State in which this action has been brought. All the parties joined and served are diverse and Colgate anticipates will consent to removal at the time of hearing. One defendant, Aventis, has already done so as of the date of this filing. Thus, removal is not barred by 28 U.S.C. § 1441(b)(2).

11. At the time of the filing of this notice, none of the three defendants that have been "properly joined and served as defendants" in this case are citizens of the State of California. There is diverse authority supporting this "plain meaning" interpretation of 28 U.S.C. § 1441(b)(2). *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018); see also *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); see also *Tex. Brine Co., LLC v. Am. Arbitration Ass'n. Inc.*, 955 F.3d 482 (5th Cir. 2020).

10. The statutory language of 28 U.S.C. § 1441(b)(2) is unambiguous. See *Encompass Ins. Co.*, 902 F.3d at 152 ("Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and

1  served."); see also *Gibbons*, 919 F.3d at 705 ("But while it might seem anomalous to permit a defendant sued in its home state to remove a diversity action, the language of the statute cannot be simply brushed aside.") The plain meaning of the statute should be applied in this case and snap removal is therefore proper.

5    11.    This Court has, in the past, adopted this interpretation of 28 U.S.C. § 1441(b)(2).  See *Choi v. GM LLC*, 2021 U.S. Dist. LEXIS 172291 (C.D. Cal. Sept. 9, 2021); see also *Zirkin v. Shandy Media, Inc.*, Case No. 2:18-cv-09207-ODW.

8    12.    Although the Complaint includes unnamed "Doe" defendants, the citizenship of such fictitious defendants is disregarded in determining whether diversity of citizenship exists for removal purposes.  28 U.S.C. § 1441(b)(1).

11   13.    Here, Plaintiff seeks damages, exclusive of interest and costs, in excess of the jurisdictional minimum of the Superior Court. (Ex. 3, Complt., ¶ 41 (seeking damages including, "loss of income, wages, and earning potential according to proof," "medical and related expenses according to proof," "exemplary or punitive damages according to proof,".) Moreover, Plaintiff asserts that this claim arises as a result of Plaintiff allegedly developing "malignant mesothelioma." (*Id*., ¶ 3.)

17   14.    Where, as here, a complaint alleges serious bodily injuries, courts readily have found that the amount in controversy requirement is satisfied. See, e.g., *Hammarlund v. C.R. Bard, Inc.*, No. 215CV05506SVWJEM, 2015 WL 5826780, *2 (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries…courts have found it facially apparent from the complaint that the amount in controversy was satisfied."); *Campbell v. Bridgestone/Firestone, Inc.*, No. CVIF-051499-FVS-DLB, 2006 WL 707291, *3 (E.D. Cal. Mar. 17, 2006) (amount in controversy satisfied where, following a car accident, the plaintiff allegedly suffered head trauma, a broken arm, broken wrist, a deep laceration to his lower leg, and sought damages for wage loss, property loss, hospital and medical expenses, and loss of earning capacity); *Bryant v. Apotex, Inc.*, No. 1:12-CV-01377-LJO, 2012 WL 5933042, *4 (E.D. Cal. Nov. 27, 2012) (finding amount in controversy satisfied for

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

product liability case in which plaintiff alleged "severe pain, esophagus damage and internal bleeding" due to allegedly defective drugs and seeking "compensatory damages for injuries and severe pain lasting six months, severe emotional distress, and punitive damages.").

15. Accordingly, although Colgate denies any liability or that it is responsible in any way for Plaintiff's alleged damages, based upon the Complaint's characterization of the alleged damages at issue the amount in controversy requirement is satisfied.

16. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because the time frame for Colgate to respond to the Complaint has not started to run as Plaintiff just filed the Complaint on October 31, 2023. Thus, Colgate's time to remove this case has not expired.

17. The Superior Court of Los Angeles County, California, the court in which this action was filed, is located within the geographic jurisdiction of the United States District Court for the Central District of California. 28 U.S.C. § 1441(a).

18. A copy of this notice of removal is being filed with the Superior Court of Los Angeles County, California. 28 U.S.C. § 1446(d).

19. Written notice of removal is also being given promptly to counsel of record in the case.

20. A properly removed case cannot be remanded for discretionary or policy reasons, such as allegations of related state cases or contentions that judicial economy compels remand. *Thermitron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 343-44 (1976); *Elrad v. United Life & Accident Ins. Co.,* 624 F. Supp. 742, 743 (N.D. Ill. 1985).

21. Colgate has attached those documents required by 28 U.S.C. section 1446(a) and (b) and the local rules of the United States District Court, Central

District of California, including a copy of the Complaint filed against it by the plaintiff. **Exhibit 3**.

    WHEREFORE, defendant Colgate respectfully requests that the above action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court.

                                     Respectfully submitted,

Dated: November 1, 2023   GORDON REES SCULLY MANSUKHANI, LLP

By: _____
    CHRISTOPHER D. STRUNK
    BRIKK E. BRALLEY
    Attorneys for Defendant
    COLGATE-PALMOLIVE COMPANY

# PROOF OF SERVICE

*Paula Corin v. Arkema, Inc., et al.*
United States District Court, Central District of California
Case No. 23-cv-9230

I am a resident of the State of California, County of San Francisco; I am over the age of eighteen years and not a party to the within action; my business address is 275 Battery Street, Suite 2000, San Francisco, CA 94111.

On November 1, 2023, I served on the interested parties in this action the within document(s) entitled:

**COLGATE-PALMOLIVE COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1441(a) & (b)(2) AND 1446(a) AND NOTICE OF REMOVAL OF COLGATE-PALMOLIVE COMPANY; EXHIBITS 1-3**

[ X ]  **BY ELECTRONIC SERVICE** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on November 1, 2023. The transmission was reported as complete and without error. My electronic notification address is 275 Battery Street, Suite 2000, San Francisco, California 94111. My e-mail address is jpadilla@grsm.com.

Stuart J. Purdy, Esq. (SBN: 239878)     *Attorneys for Plaintiffs*
Marc I. Willick, Esq. (SBN: 175379)     **PAULA CORIN**
**SIMON GREENSTONE PANATIER, PC**
3760 Kilroy Airport Way, Suite 680
Long Beach, CA 90806
Tel.: (562) 590-3400
Fax: (562) 590-3412
Email:  spurdy@sgptrial.com
        mwillick@sgptrial.com

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on November 1, 2023, at San F_____ *(signature: Judy Padilla)*

Judy Padilla

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071