UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09230-RGK-MRWx | Date | December 13, 2023 |
|---|---|---|---|
| Title | Paula Corin v. Arkema, Inc. et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Joseph Remigio | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None appearing | None appearing |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re Dismissal for Lack of Prosecution

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed.R.Civ.Proc. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed.R.Civ.Proc. 12(a)(1).

In the present case, it appears that one or more of these time periods has not been met. Accordingly, the court, on its own motion, orders plaintiff(s) to show cause in writing by **December 18, 2023**, why this action should not be dismissed for lack of prosecution as to certain defendant/s.

**Alternatively**, the Court will consider the following a satisfactory response to the Order to Show Cause:

|   | Alternative Response | Response Due Date | As to Defendant/s: |
|---|---|---|---|
|   | Proof of **timely** service of summons and operative complaint | | |
| X | Response to the operative Complaint | **12/15/2023** | **See attached list** |
| X | If defendant fails to respond on the date above, Plaintiff's application for entry of default by clerk pursuant to Rule 55a of the Federal Rules of Civil Procedure | **12/19/2023** | **See attached list** |
|   | Plaintiff's motion for default judgment pursuant to Rule 55b of the Federal Rules of Civil Procedure | | |

If a satisfactory response is not timely filed, the matter or the listed defendants will be dismissed for lack of prosecution. **A stipulation to extend dates or a notice of settlement do not constitute a proper response to this order.**

Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the court finds that this matter is appropriate for submission without oral argument.

Plaintiff to serve this order on any non-appearing defendant/s who have been formally served.

**List of Defendants subject to Order to Show Cause:**

Avon Products, Inc.

Block Drug Company, Inc., sued individually and as successor-in-interest to The Gold Bond Sterilizing Powder Company a/k/a The Gold Bond Company

Brenntag Specialties LLC, formerly known as Brenntag Specialties, Inc., formerly known as Mineral Pigment Solutions, Inc. (sued individually and as successor-in-interest to Whittaker Clark and Daniels, Inc.)

Crown Laboratories, Inc.

Dr. Scholls LLC, also known as Bayer Samson II LLC

Fisons Corporation

Galleria Co., a subsidiary of Coty, Inc.

Glaxosmithkline LLC (sued individually and as successor-in-interest to Block Drug Corpration and The Gold bond Sterilizing Powder Company a/k/a The Gold Bond Company)

GSK Consumer Health, Inc., formerly known as Novartis Consumer Health, Inc., Ciba Self-Medication, Inc.

HFC Prestige Products, Inc., formerly known as P and G Prestige Products, Inc., doing business as Covergirl and Max Factor

IMI Fabi Diana LLC

IMI Fabi, LLC

IMI Fabi USA Inc.

Luxury Products LLC

Novartis Corporation, (sued individually and as successor-in-interest to Ciba-Geigy corporation and its subsidiaries Ciba Consumer Pharmaceuticals and Ciba Self-Medication, Inc.)

Presperse Corporation, sued individaually doing business as Presperse International Corp

The Procter and Gamble Company, sued individually and as successor-in-interest to Noxema Chemical Company, The Shulton Group and/or Shulton Inc., Playtex Products Inc., Galleria Co., and Max Factor and Company

Safeway, Inc.

Sephora USA, Inc.

Sumitomo Corporation of Americas

The Vons Companies Inc., a subsidiary of Albertsons Companies, Inc.