UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09230-RGK-MRW | JS-6 | Date | January 4, 2024 |
|---|---|---|---|---|
| Title | *Paula Corin v. Arkema, Inc., et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Plaintiff's Motion for Remand [DE 26]**

## I.     INTRODUCTION

On October 31, 2023, Paula Corin ("Plaintiff") filed a Complaint in Los Angeles County Superior Court against forty-three different business entities ("Defendants"), asserting state law tort claims for asbestos exposure that caused her to develop mesothelioma. (ECF No. 1-3.) On November 1, 2023, one of the Defendants, Colgate-Palmolive Company ("Colgate"), removed the case to this Court. (ECF No. 1.)

Presently before the Court is Plaintiff's Motion for Remand. (ECF No. 26.) For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.     FACTUAL BACKGROUND

In her Complaint, Plaintiff alleges that she developed mesothelioma because of exposure to asbestos in consumer products manufactured or sold by Defendants. (Compl. ¶ 3.) She names forty-three Defendants, each a corporation or limited liability company conducting business in California. (*Id.* ¶ 2.) The Complaint includes no allegation as to the citizenship of any party, including Plaintiff herself. (*See generally id.*)

The day after the Complaint was filed, Colgate removed the action on the basis of diversity jurisdiction. (Notice of Removal (hereinafter "Notice") ¶ 1.) To establish jurisdiction, Colgate alleges that (1) on information and belief, Plaintiff is a citizen of Washington; (2) "[n]one of the 43 defendants are citizens of Washington"; and (3) the amount in controversy exceeds $75,000. (*Id.*) In support, Colgate submits a printout from "Westlaw's people search" showing that a "Paula Corin" resides in Oak Harbor, Washington. (Notice, Ex. 1, at 1, ECF No. 1-1.)

Additionally, Colgate alleges that three non-California Defendants (Arkema, Inc., Aventis Inc., and Avon Inc.) had been served prior to removal. (Notice ¶ 1.) Plaintiff denies that any Defendant had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09230-RGK-MRW | Date | January 4, 2024 |
|---|---|---|---|
| Title | *Paula Corin v. Arkema, Inc., et al.* | | |

been served. (Mot. at 10, ECF No. 26-1.) Regardless, the parties agree that at least two California Defendants (Safeway, Inc., and Sephora USA, Inc.) have been served since removal.

### III.     JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts—for instance, the amount in controversy and complete diversity of the parties when removal is based on diversity jurisdiction. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction." *Id.* at 566. "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

Under the "forum defendant rule," a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed "if any of the parties in interests properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) ("[Section] 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.").

### IV.     DISCUSSION

Plaintiff argues that remand is required because (1) the Notice of Removal ("Notice") is fatally defective because it fails to allege the citizenship of the parties, and (2) any attempt to amend the Notice would be barred by the forum defendant rule. The Court agrees and discusses these arguments below.

####          A.     Defective Notice of Removal

To remove, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This requirement borrows from the pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). To satisfy this requirement, a party asserting diversity jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09230-RGK-MRW | Date | January 4, 2024 |
|---|---|---|---|
| Title | ***Paula Corin v. Arkema, Inc., et al.*** | | |

must allege facts as to the citizenship of each party; merely reciting a legal conclusion that the parties are diverse is not enough. *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012); *HSBC Bank USA Nat'l Ass'n v. Gutierrez*, 2023 WL 186796, at *2 (C.D. Cal. Jan. 12, 2023). Moreover, jurisdiction allegations cannot be based on mere information and belief. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (holding that allegations based on "to the best of my knowledge and belief" are insufficient).

Here, Colgate's Notice is decidedly deficient. Colgate alleges Plaintiff's citizenship on information and belief, which is insufficient to confer jurisdiction. Even worse, Colgate alleges no facts as to the citizenship of any of the forty-three named Defendants. Its conclusory statement that "none of the defendants are citizens of Washington" is not enough. *See Harris*, 682 F.3d at 850 (requiring allegations of corporate defendants' states of incorporation and principal places of business); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (requiring allegations of the citizenships of all members of each limited liability company defendant). As such, the Notice is fatally defective. Accordingly, the Court **REMANDS** the action back to state court.

### B.    No Leave to Amend

Colgate asks for leave to amend the Notice of Removal. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. However, a court may refuse to grant leave where amendment would be futile. *PIH Health Hosp.-Whittier v. Cigna Healthcare of Cal., Inc.*, 2021 WL 3616641, at *2 (C.D. Cal. Aug. 16, 2021). Typically, defendants file a formal motion to amend a notice of removal, supporting it with a copy of the proposed amendments. *See, e.g.*, *Frigon v. Dempsey*, 2015 WL 13915440, at *1 (C.D. Cal. Dec. 3, 2015). Here, Colgate's request comprises a single sentence in the Opposition brief. Even if this request could be construed as a motion to amend, the Court denies it because amendment would be futile.

First and foremost, Colgate offers no evidence of complete diversity to support amendment. Between the Notice and the Opposition, Colgate submits only evidence of the supposed residence of Plaintiff and the states of incorporation for Colgate, Arkema, Inc., Aventis Inc., and Avon Inc. These documents are insufficient to even establish the citizenship of those parties. *See Kanter*, 265 F.3d at 857 (explaining that citizenship of an individual requires facts of both residence *and intent to remain*); *Harris*, 682 F.3d at 850 (explaining that a corporation is a citizen of both its state of incorporation *and the state in which its principal place of business is located*). More glaringly, evidence of the citizenships of thirty-nine other Defendants is entirely absent. Colgate has had two bites at the apple—the Notice and the Opposition—and still fell short; the Court refuses to grant it a third.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09230-RGK-MRW | Date | January 4, 2024 |
|---|---|---|---|
| Title | ***Paula Corin v. Arkema, Inc., et al.*** | | |

Secondly, any amendment would violate the forum defendant rule. This rule precludes any removal based on diversity jurisdiction if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The rule applies at the time of removal. *Spencer v. U.S. Dist. Ct. for N. Dist. of Cal.*, 393 F.3d 867, 871 (9th Cir. 2004). Here, after removal, Plaintiff served two forum Defendants, Sephora USA, Inc., and Safeway Inc. (ECF Nos. 14, 15.) Although this service did not trigger the forum defendant rule for the original removal, the service bars any subsequent attempts to remove, and thus also bars any attempts to amend the Notice unless the amendment "relates back" to the original removal. *See Columbus Life Ins. Co. v. Wilmington Tr. Co.*, 2021 WL 149024, at *2 (D. Del. Jan. 15, 2021).

Courts in the Ninth Circuit hold that notices of removal similar to Colgate's Notice—devoid of essential factual allegations—are so substantively defective that any amendment would not go to form, but to substance. *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 528 (N.D. Cal. 1963). As such, an amendment would not relate back to the original notice. *See id.*; *see also Hawaii v. Abbott Lab'ys, Inc.*, 469 F. Supp. 2d 842, 847 (D. Haw. 2006) (holding that an amendment essentially seeking to assert a new jurisdictional ground does not relate back). Accordingly, since the forum defendant rule precludes amendment, any amendment would be futile.

**C.      Snap Removal**

As a final note, Plaintiff also argues that Colgate's "snap removal," which occurred before any forum Defendants had been served, was improper from the outset. Many, but not all, courts in this circuit hold that "snap removal" is improper under the forum defendant rule. *Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1011 n.3 (D. Nev. 2021) (collecting cases). The Court need not reach this issue, however, as Colgate has fumbled the ball twice in establishing basic jurisdictional facts. Therefore, the Court remands on other grounds discussed above.

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to state court.

**IT IS SO ORDERED.**

_____                                                          :  _____

Initials of Preparer

_____